SMITH, AGENT FOR ANNEXATION PETITIONER, ET AL., APPELLANTS,
*v.* GRANVILLE TOWNSHIP BOARD OF TRUSTEES, APPELLEE.

[Cite as *Smith v. Granville Twp. Bd. of Trustees*
(1996), 77 Ohio St.3d 1213.]

(No. 96–2350—Submitted and decided October 29, 1996.)

*Vorys, Sater, Seymour & Pease, Duke W. Thomas* and *Bruce L. Ingram,* for appellants.

*Moots, Cope & Stanton, Wanda L. Carter* and *Susan M. Zidek,* for appellee.

*Daniel W. Drake,* First Assistant City Attorney, urging the court to allow the appeal for *amici curiae,* city of Columbus and Ohio Municipal Attorneys Association.

*Patricia S. Eshman,* urging the court to allow the appeal for *amicus curiae,* Ohio Homebuilders Associations, Inc.

*John E. Gotherman,* urging the court to allow the appeal for *amicus curiae,* Ohio Municipal League.

*Edward M. Yosses,* Toledo Director of Law, urging the court to allow the appeal for *amicus curiae,* city of Toledo.

This cause is pending before the court as a discretionary appeal.

Upon consideration of appellants' motion to join Licking County Board of Elections as a necessary party, to grant an R.C. 2503.40 "other writ" and, in the alternative, to expedite discretionary appeal,

IT IS ORDERED by the court that the motion be, and hereby is, denied.

RESNICK, F.E. SWEENEY and STRATTON, JJ., concur.

PFEIFER and COOK, JJ., would also dismiss the "other writ."

MOYER, C.J., and DOUGLAS, J., dissent.

DOUGLAS, J., dissenting. Appellants, Harrison W. Smith, Jr. and Gebhard W. Keny, have appealed the within case to this court. Taking jurisdiction of this appeal is a matter of discretion with this court. In addition, appellants move this court as follows:

"1) the Licking County Board of Elections be joined in Appellants' discretionary appeal as a necessary party under Civ.R. 19(A)(1);

"2) this Court grant an 'other writ' under R.C. 2503.40 ('necessary to enforce the administration of justice') to the Licking County Board of Elections requiring it to remove Appellant Keny's property from the merger initiation on the November 5, 1996 ballot; and

"3) *in the alternative to an 'other writ',* set an expedited schedule for determining jurisdiction and the merits before the November 5, 1996 election." (Emphasis in original.)

Before any action incident to the appeal can be taken by this court, jurisdiction would have to be allowed. Accordingly, I would do the following: (1) allow jurisdiction in this case—No. 96–2350; (2) join, pursuant to Civ.R. 19(A)(1), the Licking County Board of Elections as a party defendant; (3) deny appellants' request for a writ pursuant to R.C. 2503.40, and deny appellants' request that the property in question be removed from the merger initiation now on the November 5, 1996 ballot; (4) having allowed jurisdiction on an expedited basis, deny appellants' request for an expedited decision on the merits of the case before the November 5, 1996 election but grant expedited consideration of the appeal; and (5) allow the election on the merger issue to proceed as scheduled, the votes on the issue to be tabulated and the results sealed until final order of this court on the pending appeal.

This case and the opinion of the court of appeals clearly are matters of public or great general interest. See Section 2(B)(2)(d), Article IV, Ohio Constitution. It is a case we should hear and decide.

MOYER, C.J., concurs in the foregoing dissenting opinion.